ABEL KNAPP & others *vs.* ASAHEL S. ABELL.

A judgment of a court of general jurisdiction of another state may be proved by duly certified copies of all the papers in the case, with a like certified copy of a record entitled "judgment roll on failure to answer," which simply contains the names of the court, county and parties, with an affidavit of the plaintiff's counsel that no answer or demurrer has been served upon him, and, after reciting the service of the summons and copy of the complaint on one of the defendants, the failure to serve a demurrer or answer, and the assessment of damages by the clerk, sets forth that it was adjudged that the plaintiffs recover the said sum of the defendants with costs, and that execution issue against the sole property of the defendant upon whom service was made, and the joint property of both defendants; but such judgment, being rendered on default and without a service upon all the defendants, will not support an action in this commonwealth even against the defendant who was served with process, without proof that by the laws of that state such judgment might properly be rendered there.

CONTRACT against Asahel S. Abell and Lucius D. W. Stone on a judgment of the supreme court of the state of New York. No service was made on Stone, and Abell defended alone.

At the trial in the superior court, before *Brigham*, J., without a jury, the plaintiffs offered in evidence a copy (which was annexed to the declaration in this case) of proceedings in a suit brought by them against Abell and Stone in the supreme court for the county of Clinton and state of New York, including a summons headed " Supreme Court, County of ——," and dated May 28th 1864, to answer the complaint served therewith, " and to serve a copy of your answer on the subscriber at his office in Mooers " within twenty days, and signed " Thos. Armstrong, plaintiffs' attorney, Mooers, N. Y."; a complaint, headed " Supreme Court, Clinton County," verified by oath of one of the plaintiffs on the same day, and alleging that the defendants were partners and the plaintiff sold and delivered to them goods to the amount of $1853.20, of which the sum of $1560 was still due; an affidavit of said attorney, headed " Clinton County, ss.," that he served upon Abell " at Champlain " on the same day the summons and complaint by giving to and leaving with him a copy thereof; and the following:

" Supreme Court, Clinton County.

"Abel Knapp, Parsons A. Knapp and }
  Horatio F. Knapp, Plaintiffs,  } Judgment roll on fail-
        against         } ure to answer.
Asahel S. Abell and Lucius D. W. }
    Stone, Defendants. }

" County of Clinton, ss.

being duly sworn, says that he is plaintiffs' attorney in the above entitled action, and that no answer or demurrer to the complaint in said action has been received by plaintiffs' attorney.

                          " Thos. Armstrong.

" Sworn before me, this day of June 24th, 1864.

                  " John Shedden, Justice Peace.

    " Judgment.   June 28th, 1864.

" The summons, with a copy of the complaint in this action, having been personally served on Asahel S. Abell, one of the defendants, more than twenty days previous to this date, exclusive of the day of service, and no answer or demurrer to the complaint having been served on the plaintiffs' attorney, as required by the summons; and the clerk having assessed the amount due to the said plaintiffs from the defendants at $1594.07, the sum hereinafter mentioned —

" Now on motion of Thos. Armstrong, plaintiffs' attorney, it is hereby adjudged that Abel Knapp, Parsons A. Knapp and Horatio F. Knapp, the plaintiffs, recover of Asahel S. Abell and Lucius D. W. Stone, the defendants, the sum of fifteen hundred and ninety-four dollars and seven cents, with .eighty dollars and forty-three cents costs and disbursements, amounting in the whole to sixteen hundred and seventy-four dollars and fifty cents, and that execution issue against the sole property of the said A. S. Abel and the joint property of both defendants.

                          " M. Chamberlain, Clerk."

Annexed was a certificate, entitled " State of New York, Clinton County, Clerk's Office," under seal of the court, and signed by its clerk, stating that he had " compared the foregoing copy of summons and complaint, proof of service, verification of complaint, proof of default and judgment, with the original summons,

complaint, proof of service, verification, proof of default and judgment on file in this office, and that the same are true copies thereof and of the whole of said originals."

The defendant waived all objection to the authentication of this copy, but asked the court to rule that it was not competent and sufficient evidence of a judgment recovered which could be enforced against him in this action. The judge refused so to rule, and ordered judgment for the plaintiffs. The defendant alleged exceptions.

*W. Allen, Jr.*, for the defendant. The paper produced does not purport to be a record of any court. No presumption in its favor can arise until the faith and credit given to it by law or usage in New York are proved. It is simply a copy of certain original papers and certain minutes. A record must be enrolled and authenticated by a court. This paper does not import that any court was present; it names no term ; it shows no judgment, but merely an act of the clerk in vacation. Jurisdiction of the persons of the defendants was not acquired. No legal process was proved. A mere notice from a party is not sufficient. There was no legal service. No service whatever was shown within the jurisdiction of the court. And the want of service on the defendant Stone is fatal to this action. *Hall* v. *Williams*, 6 Pick. 232. *Rangely* v. *Webster*, 11 N. H. 299. *Smith* v. *Smith*, 17 Illinois, 482. The judgment here was joint.

*S. T. Spaulding*, for the plaintiffs. The record was duly certified and proved. *Capen* v. *Emery*, 5 Met. 436. *Barringer* v. *King*, 5 Gray, 9. The judgment was rendered by a court of general jurisdiction. *Buffum* v. *Stimpson*, 5 Allen, 591. The form of process, and mode of service and entry of judgment were according to the laws of New York, as is implied by the record. *Buffum* v. *Stimpson,* 5 Allen, 591. *Carleton* v. *Bickford,* 13 Gray, 591, and cases cited. The judgment is therefore valid. *Hinton* v. *Townes*, 1 Hill, (S. C.) 439. *Ewer* v. *Coffin*, 1 Cush. 23. This defendant cannot object that there was no personal service on Stone. He could not either alone or with Stone maintain a writ of error to reverse the judgment as against Stone, or use Stone's name for that purpose without his consent. *Gay* v

*Richardson,* 18 Pick. 417. It is a qualified judgment as to Stone, answering the purpose of our statute provisions for dis‧ continuance as to an absent defendant. Gen. Sts. *c.* 126, §§ 13– 15. *Haggerty* v. *Amory,* 7 Allen, 458. *Whitney* v. *Walsh,* 1 Cush. 29. *Shirley* v. *Shattuck,* 13 Met. 256.

GRAY, J. This case presents for our consideration an impor‧ tant matter of practice, since in many of the United States, as is well known, the strict forms of the common law have been departed from, and files of papers or entries on a docket have been allowed to take the place and have the weight of a more formal record. *Washington, &c. Steam Packet Co.* v. *Sickles,* 24 How. 341. 2 Phil. Ev. (4th Amer. ed.) 360. We might almost adopt the words used by Lord Tenterden in speaking of courts in the English colonies, " If we were to require in the proceed‧ ings of foreign courts all the accuracy for which we look in our own, hardly any of their judgments could stand." *Henley* v. *Soper,* 8 B. & C. 20. It behooves us, therefore, to be careful not to allow our own regard for forms to induce us to refuse effect to a record of the action of the court of another state, which is sufficient in substance and contains all the essential requisites of a judicial record. The record of a case need not state all the proceedings in detail; it is enough that it shows the subject matter of the suit, jurisdiction over the parties, and the final judgment of the court. *Grignon* v. *Astor,* 2 How. 340.

It is settled beyond doubt that the laws of a foreign country or another state are facts, of which the courts of this commonwealth cannot take notice until they are duly proved. *Ennis* v. *Smith,* 14 How. 426, 427. *Haven* v. *Foster,* 9 Pick. 130. *Holman* v. *King,* 7 Met. 388. *Palfrey* v. *Portland, &c. Railroad,* 4 Allen, 56. Gen. Sts. *c.* 131, §§ 61–65. In *Cragin* v. *Lamkin,* 7 Allen, 395, the trustee's answer, upon which the case was submitted to the court, referred to the laws of Illinois, and it does not appear that any objection was made at the argument to the citations from the Illinois Reports as evidence of the law of that state. This bill of exceptions does not show that either party at the trial offered to prove the laws of New York; and no new evidence can be admitted at the hearing before this court on the exceptions to

the ruling of the court below. We were therefore compelled to restrain the counsel from citing the statutes of that state as evidence of those laws at the argument, and are deprived of their assistance in deciding this case.

The defendant makes two objections to the sufficiency of the copy annexed to the declaration, and admitted in evidence at the trial: 1st. That it does not purport to be a record or judicial proceeding of any court; 2d. That it does not show that any court in New York had acquired jurisdiction of the person of the defendant.

In examining the paper produced, to see whether either of these objections is well founded, it is necessary to bear in mind the well established presumption in favor of the lawfulness and regularity of the proceedings of any court of general jurisdiction. County courts, courts of common pleas and circuit courts of another state have been held by this court to be courts of general jurisdiction, within the rule. *Bissell* v. *Wheelock*, 11 Cush. 279. *Carleton* v. *Bickford*, 13 Gray, 593. *Buffum* v. *Stimpson*, 5 Allen, 592, 593.

The caption of " Supreme Court, Clinton County " sufficiently shows that the court was one of general jurisdiction. It is not denied that the cause of action is sufficiently set forth in the complaint. The last part of the paper is entitled a " judgment roll on failure to answer," and sets forth a "judgment," which recites that the summons with a copy of the complaint has been personally served on the defendant Abell more than twenty days previously, that no answer or demurrer has been served on the plaintiffs' attorney, as required by the summons, and that the clerk has assessed the amount due to the plaintiffs; and thereupon declares that " it is hereby adjudged " that the plaintiffs recover of the defendants that amount and costs. This "judgment roll" is manifestly intended to be a record of a judicial disposition of the case. The omission to name any term is immaterial. The completeness of the record is shown by the certificate of the clerk that he has compared the various parts of the copy with the originals on file in his office, and that they " are true copies thereof and of the whole of said originals."

The statement that " it is hereby adjudged " implies action of the judge, and not merely of the clerk. If the affidavit of service by the plaintiffs' attorney does not show that the place of service was within the jurisdiction of the court, the recital in the judgment that Abell had been personally served with a summons is *prima facie*, and, in the absence of anything to contradict it, sufficient evidence of service upon Abell, and, taken in connection with the further recital of his failure to answer, of default.

This defendant however contends that the judgment was wholly void for want of service upon the other defendant, and the cases which he cites show that such is the law when the judgment of the other state is entire and unqualified against both defendants. *Hall* v. *Williams*, 6 Pick. 232. *Rangely* v. *Webster*, 11 N. H. 299. By the existing law of this commonwealth, when several defendants are sued jointly on a contract, and part only served with process, the action may proceed to judgment against those alone, and the others remain liable to a new action upon the original contract; and this whether the original judgment is rendered within or without the state. Gen. Sts. *c.* 126, §§ 14, 15. *Shirley* v. *Shattuck*, 13 Met. 260. *Odom* v. *Denny*, 16 Gray, . The plaintiffs contend that, in the spirit of this law, the judgment of the New York court may be treated as a qualified judgment, binding on the defendant Abell, though not on the other defendant Stone. But the difficulty with this view is, that our law authorizes a judgment against no defendant who is not served with process; whereas this judgment is general against both defendants, and the qualification is only of the execution which may issue thereon. If, as the plaintiffs' counsel now suggest, the statutes of New York authorized a judgment in this form in such a case as this, it should have been proved at the trial. If it had been, this action might have been maintained. See *Catskill Bank* v. *Hooper*, 5 Gray, 585. But as it was not, we cannot judicially know or presume that the law of New York upon this point differs both from the common law and from our own. *Legg* v. *Legg*, 8 Mass. 101 *Thurston* v. *Percival*, 1 Pick. 417. Upon this bill of exceptions the judgment must therefore be *Exceptions sustained.*